Smith vs. The City of Eau Claire.

Smith, Respondent, vs. The City of Eau Claire, Appellant.

*December 17, 1890 — January 13, 1891.*

*Municipal corporations: Change in grade of streets: Liability for injury to abutting lots: Constitutional law: Statutes construed: Repeal of inconsistent provisions: Whether liability governed by old or new charter.*

1. If a change in the grade of a street is made under authority of law and with due care, the municipality is not liable for the consequential injury to abutting lots, unless made so by statute or the constitution.

2. There is, in such a case, no *taking* of private property for public use, within the meaning of sec. 13, art. I, Const.

3. Nor is a lawful change in the grade a closing up, use, or obstruction of the street, within the meaning of ch. 255, Laws of 1889.

4. In an action for the injury to a lot resulting from a change in the grade of the street upon which it fronted, the complaint alleged that in some portions of the street it had been filled up to a height above that authorized by the ordinance, but did not state in what portions of the street such excess of filling had been done, or the extent of it, or that the plaintiff's lot had been injured thereby. *Held,* that so far as it charged a violation of the ordinance the complaint did not state a cause of action.

5. A provision in the former city charter of Eau Claire, making the city liable for damages caused by a change in the grade of a street, is inconsistent with and is repealed by the present charter, which contains no such provision and which repeals all acts and parts of acts inconsistent therewith.

6. An ordinance providing for a change in the grade of a street was passed and approved before, but was not published until after, the new charter went into effect. Under both charters it had no force or validity until published. *Held,* that the liability of the city for damages caused by the change of grade is governed by the new charter.

APPEAL from the Circuit Court for *Eau Claire* County.

By an ordinance passed by the common council of the city of *Eau Claire* on March 6, 1889, the grade of a street in said city, known as "Fifth Avenue," was changed and

Smith vs. The City of Eau Claire.

ordered to be raised above the former grade thereof duly established several years before.    The street was filled by the city to the new grade during the spring and summer of 1889.

The plaintiff owned a lot fronting on Fifth avenue, on which stood his residence.    The lot had been filled with reference to the old grade, and the filling of the street to the new grade raised it above the level of the lot, and thereby damaged the property.    The plaintiff presented to the common council a claim for such damages, but the council disallowed the same.    He thereupon took an appeal from such disallowance to the circuit court, pursuant to the provisions of the city charter.

The court directed the parties to file and serve formal pleadings, and thereupon the plaintiff filed and served his complaint, alleging therein the facts above stated, with the additional fact that the ordinance changing the grade of Fifth avenue was approved by the mayor March 7, and published in the official newspaper of the city April 9, 1889. The city interposed a general demurrer to the complaint, and appeals from an order overruling the same.

*V. W. James,* for the appellant.

For the respondent there was a brief by *Wickham & Farr,* and oral argument by *James Wickham.*    They contended, *inter alia,* that there is nothing in the new charter inconsistent with the provision of the old one making the city liable in such a case as this.    If the legislature had intended to take away the remedy it could easily have said so in unmistakable terms.    See *People ex rel. Tyler v. Green,* 64 N. Y. 606–608; *Lewis v. Stout,* 22 Wis. 234; *Goodrich v. Milwaukee,* 24 id. 422; *State v. Merry,* 3 Mo. 278; *Walworth Co. v. Whitewater,* 17 Wis. 193; *Simons v. Bradley,* 27 id. 689–691; *People ex rel. Kingsland v. Palmer,* 52 N. Y. 83– 88; *Hankins v. Mayor,* 64 id. 18–21; Endlich, Interp. Stat. sec. 210; 1 Dill. Mun. Corp. sec. 85.    The ordinance under

which the grade was changed was passed March 6, 1889, under the old charter, and the provision of that charter giving the right of action became a part of the ordinance as much as existing laws become a part of contracts made thereunder. *Healy v. New Haven,* 49 Conn. 394; *Chamberlain v. Evansville,* 77 Ind. 542; *Goodall v. Milwaukee,* 5 Wis. 32, 52; *Beatty v. People ex rel.* 6 Colo. 538. The city is made liable by ch. 255, Laws of 1889. It has repeatedly been held that the change of grade of a street by a city was a *use* of the street by the city, and that the city was liable for damages caused to the abutting property thereby, under constitutional provisions that " private property shall not be taken or *damaged* for public *use* without just compensation." *Elgin v. Eaton,* 83 Ill. 535; *Harmon v. Omaha,* 17 Neb. 548; *Chicago v. Taylor,* 125 U. S. 161; *Atlanta v. Green,* 67 Ga. 386; *Reardon v. San Francisco,* 66 Cal. 492; *Sheehy v. K. C. C. R. Co.* 94 Mo. 574; *Johnson v. Parkersburg,* 16 W. Va. 402; *Omaha v. Kramer,* 25 Neb. 489.

LYON, J. Perhaps no rule of law is more completely settled than is the rule that if consequential damages result to property owners from raising or lowering the grade of a street by a municipality, it is not a *taking* of private property for public use, within the meaning of sec. 13, art. I, of the constitution, and that if the municipality act under authority of law in making the change of grade, and with due care, it is not liable for such damages, unless made so by some statute or constitutional provision. Such is the doctrine of *Alexander v. Milwaukee,* 16 Wis. 247; *Dore v. Milwaukee,* 42 Wis. 108; *Wallich v. Manitowoc,* 57 Wis. 9; and other cases determined by this court. See also Dill. Mun. Corp. §§ 989 (782), 990 (783), and cases cited in notes. The principle upon which the rule is based seems to be that the purchaser of a lot upon a street is supposed to calculate the chances that the grade of the street may be changed,

and such contingency is an element which affects the price he pays for the lot.

Counsel for plaintiff cited many cases which, he contends, establish a different and broader rule of compensation for damages caused by changing the grade of a street. These are from Illinois, Nebraska, Georgia, California, Missouri, and West Virginia. The constitution of each of those states provides that private property shall not be taken *or damaged* for public use without just compensation therefor. All the cases cited enforce a remedy for consequential damages in a case like this, solely on the ground that the words "*or damaged*" are contained in the respective constitutions of those states. It is said in most of the cases that, but for those words therein, the lot-owner would be without remedy for consequential damages to his lot caused by the change of grade. Our constitution only provides compensation for the *taking* of private property for public use (art. I, sec. 13), and hence does not reach a case of mere consequential damages, which is not a taking, within the meaning of the provision.

The injury of which the plaintiff complains, and for which he seeks to recover damages, is entirely consequential under all the authorities. The complaint shows that the ordinance ordering the change of grade was regularly passed and published, and is valid, and that with a single exception the work of changing the grade was properly done. The exception was found in the following quotation from the complaint: "Said street is now filled to the height fixed by said grade, as established by said last-mentioned ordinance, and, as said plaintiff is informed and believes, in some portions thereof to a height above the grade as established by said amended ordinance." If the plaintiff was injured by such excess of filling beyond that authorized by the ordinance, the city is liable for such injury, although no statute prescribes such liability. It was so held in *Crossett*

*v. Janesville*, 28 Wis. 420, and the same rule has since been frequently applied by this court.  But the complaint fails to aver in what portion of the street such excess of filling was done, or the extent of it, or that the plaintiff's lot was injured thereby.  It may have been done a mile distant from his lot.  It may not have been an inch above the established grade, and still the complaint would be true. Hence the averment above quoted, so far as it charges a violation of the ordinance, fails to state a cause of action, and is entirely immaterial.  So far as this plaintiff is concerned, the complaint shows a proper execution of a valid ordinance.

This brings us to the inquiry, Is there any statute which entitles the plaintiff to compensation for the consequential injury· to his lot caused by such change of grade?  The charter of the city of *Eau Claire* now in force is contained in ch. 184, Laws of 1889.  It was published and took offect March 30, 1889.  The charter in force before that time is contained in ch. 16, P. & L. Laws of 1872, entitled "An act to incorporate the city of *Eau Claire*," approved March 2, 1872, and in certain acts amending the same.  The title of ch. 184 is ' An act to revise, consolidate, and amend the charter of the city of *Eau Claire*, approved March 2, 1872, and the several acts amendatory thereof."  Ch. 184 contains no provision making the city liable for damages caused by a change of grade of a street.  Ch. 16 of 1872 (the old charter) contained such a provision.  Is that provision repealed by the new charter?  The general rule is that a statute which revises the subject matter of a former statute works a repeal of such former statute without express words to that effect.  *Lewis v. Stout*, 22 Wis. 234.  Hence, if ch. 184 contained no express repealing clause, it would operate to repeal ch. 16 by implication, for it revises the whole subject matter of the latter chapter.  But ch. 184 contains a repealing clause, which is as follows: "All acts

and parts of acts inconsistent with and conflicting with the provisions of this act are hereby repealed." It was held, in *Lewis v. Stout,* that such a repealing clause saves all provisions in the old act which are not inconsistent with the revised act. So it was held in that case that a provision in a former statute, requiring a certain bond to run to the governor, was not repealed by a revising act which required the bond to be given, but did not provide to whom it should be executed, and which only repealed acts inconsistent therewith. It is obvious that the provision in the former statute, thus saved, was not inconsistent with the revising statute.

But we have no such case here. Ch. 184 of 1889 does not charge the city with liability for consequential damages caused by a lawful change of the grade of a street. Standing alone, it is as complete an immunity from such liability as though it had been expressly enacted therein that the city should not be so liable. The former statute imposed such liability in terms. That the two are inconsistent with each other seems to admit of no doubt.

Counsel for plaintiff has submitted an ingenious argument in support of the claim that the city is liable in this action, based upon the assumption that the ordinance in question preceded ch. 184. This is an error. The ordinance speaks from the date of its publication, which was April 9, 1889. Under both charters it has no force or validity until published. Ch. 184 was published, and took effect, March 30, 1889. Hence the argument fails.

Lastly, it is maintained on behalf of plaintiff that ch. 255, Laws of 1889, charges the city with liability for the damages here claimed. Without quoting that chapter, it is sufficient to say of it that it imposes liability for consequential damages only upon municipalities, companies, or corporations who " close up, use, or obstruct " highways, so as materially to interfere with their usefulness as such,

or to the injury or damage of property abutting thereon on either side. The lawful change of the grade of a street is not a closing up, or use, or obstruction of the street, within the meaning of this statute. Manifestly, it was not intended to reach a case like this. Had it been so intended, it is reasonable to believe that very different and more specific language would have been employed to express such intention.

*By the Court.*— The order of the circuit court is reversed, and that court is directed to sustain the demurrer.