COLCLOUGH, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*January 7 — January 28, 1896.*

*Municipal corporations: Construction of approach to viaduct: Change of grade of street: Injury to abutting property: Injunction: Statutes construed.*

1. The construction of an elevated approach to a viaduct, occupying the entire width of the street, is merely a change of the grade of the street and is not a new taking of, nor does it impose any additional use or servitude upon, the property of the abutting owner. In the absence of any express statute allowing it, therefore, no damages can be awarded to said owner for injury to his property caused by the construction of such approach; nor will its construction be restrained at his suit.

2. Such a lawful change of the grade of a street is not a closing up or use or obstruction of the street, within the meaning of ch. 255, Laws of 1889 (S. & B. Ann. Stats. sec. 1296a).

3. Sec. 6, ch. 122, Laws of 1891 (declaring that the viaduct whose construction is therein provided for and the approaches thereto "shall forever remain under the absolute control and management of the city" and that no "exclusive franchises, privileges, or immunities shall be granted over the same or any part thereof, by said city, to any person or corporation whatever"), does not give the city any control over the viaduct and approaches which it would not have over any public street in the city, and therefore does not impose any additional use or servitude upon the property of the abutting owner, nor operate to authorize any taking thereof.

APPEAL from an order of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Reversed.*

This action was brought to obtain a perpetual injunction forever restraining the defendant, its officers, agents, etc., from proceeding with or continuing the work of constructing or erecting a certain viaduct or approach thereto on Six-

teenth street, between Clybourn street and St. Paul avenue,
in said city; the plaintiff being the owner in fee of block 261,
on the west side, and block 262, on the east side, of said Six-
teenth street, within the entire limits aforesaid.

It is alleged in the complaint, in substance, that Sixteenth
street runs north and south between said blocks, and is of
the uniform width of seventy feet, and that said blocks abut
upon the north on said Clybourn street, and on the south on
St. Paul avenue, and that all of said streets are public high-
ways in said city, the grade of which had been duly estab-
lished by ordinance, assuming as a base or *datum* the level
of the Milwaukee river as it was in March, 1836, the grade
of Sixteenth street being a straight line from Clybourn street,
which was fifty feet above said *datum*, to St. Paul avenue,
which was seven feet above it; that the city, acting under
ch. 122, Laws of 1891, had taken proceedings to condemn a
strip of land seventy feet wide, from a certain point on the
south side of the city, in a northerly direction, to the inter-
section of said Sixteenth street and St. Paul avenue; and
that by the plan of construction adopted the north approach
to the viaduct starts between the plaintiff's said blocks, at
the intersection of said Sixteenth street with Clybourn
avenue, at a grade of fifty feet as aforesaid; then passing
along said Sixteenth streets, between said blocks, sloping in
a distance of seventy-two feet to a point forty-nine feet above
said *datum* line; thence, sloping to a point in said viaduct 196
feet south of St. Paul avenue, to a grade thirty-eight feet
above said *datum* line. The viaduct and approach is to con-
sist of a roadway with a sidewalk on each side, having a
total width of seventy feet, to be supported by iron beams
resting on sets of iron columns extending three abreast the
full width of seventy feet, resting on stone pedestals distant
from each other from twenty-seven to sixty-seven feet; and
the north end of the viaduct is to rest upon some piers or
abutments erected on said Sixteenth street, at a point seventy-

two feet south of the line of Clybourn street, which is between the plaintiff's said blocks 261 and 262.

It is further alleged that the defendant had entered upon Sixteenth street between the points mentioned, and was engaged, by its agents, servants, etc., in digging up the surface of the street, and placing material thereon for the construction of said abutments and viaduct according to said plan, and that it gave out and threatened it would complete the same accordingly; that the viaduct and approach would use and occupy the whole of Sixteenth street between said Clybourn street and St. Paul avenue, and between the plaintiff's said blocks, south of a point seventy-two feet south of Clybourn street, and would wholly and entirely obstruct said part of Sixteenth street, and render plaintiff's said premises entirely inaccessible for teams and wagons from Sixteenth street, except from the seventy-two feet south of Clybourn street, and would intercept the light and air from any building which might thereafter be constructed thereon, and would greatly and irretrievably injure and impair the enjoyment and value of plaintiff's property; and that the defendant had not purchased, acquired, or condemned, or taken any proceedings to condemn, said land on Sixteenth street between Clybourn street and St. Paul avenue, for the purpose of constructing said viaduct and approach. The plaintiff prayed for a judgment for a perpetual injunction, as stated, and for other relief, etc.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The court made an order overruling the demurrer, from which the defendant appealed.

*C. H. Hamilton*, city attorney, for the appellant.

For the respondent the cause was submitted on the brief of *Hoyt & Ogden*. They contended, *inter alia*, that the abutting land owner has certain rights in a public street as sacred as those of the public, and the chief of these rights is

Colclough vs. City of Milwaukee.

that of access to his premises, or, as it is called in New York, the "easement of access." Elliott, Roads & S. 526, and note 3; 24 Cent. L. J. 51. If the construction of the viaduct amounts to no more than a change of grade, the abutting land owner would have a right to build to the height of the viaduct and have the same access to such building to and from the viaduct as he would from a public street. But by sec. 6 of ch. 122, Laws of 1891, this right is cut off. The viaduct is not a public highway, but a structure of which the city is vested with absolute management and control as entirely as it is in the case of any of its public buildings. *Fifth Nat. Bank v. N. Y. E. R. Co.* 24 Fed. Rep. 114. This absolute authority given to the city by the express terms of the statute makes the exercise of the "easement of access" by the abutting owner not a matter of right but a matter of favor on the part of the city authorities.

PINNEY, J. It was held in *Harrison v. Milwaukee Co.* 51 Wis. 647, 662, to be the settled law in this state that in the absence of any law giving the owners of real estate adjoining a public street or highway a right to recover damages of the city, village, town, or county in which the same is situated, on account of the change of the grade of such street or highway, no damages can be recovered on account of such change, unless the premises of the adjoining or abutting owner have been injured through the negligence of the municipality or its agents in making such change, and that such change of grade is not, in any case, the taking of private property for public use. The ground of complaint in that case was that the filling and trestle work being built would render the highway inaccessible from the plaintiff's lands, and an injunction to prevent the execution of the work was refused. Similar questions have been frequently before this court, and the law has uniformly been held as stated. *Watkins v. Milwaukee*, 55 Wis. 340; *Buchner v. C., M. & N. W.*

*R. Co.* 60 Wis. 271; *Smith v. Eau Claire*, 78 Wis. 457; *Drummond v. Eau Claire*, 85 Wis. 562; *Alexander v. Milwaukee*, 16 Wis. 248; *Dore v. Milwaukee*, 42 Wis. 108. This view is sustained by the great weight of authority. The principle involved was exhaustively considered in *Radcliff's Ex'rs v. Brooklyn*, 4 N. Y. 195; *Skinner v. Hartford B. Co.* 29 Conn. 536; *Hill v. Boston*, 122 Mass. 344, 348; *Slatten v. D. M. V. R. Co.* 29 Iowa, 149; *Uline v. N. Y. C. & H. R. R. Co.* 101 N. Y. 99; *Rauenstein v. N. Y., L. & W. R. Co.* 136 N. Y. 528; *Transportation Co. v. Chicago*, 99 U. S. 635. In some of the states a different rule prevails. *Cohen v. Cleveland*, 43 Ohio St. 190.

The viaduct proper is not to extend along the plaintiff's two blocks, and it does not come any nearer to them than the south side of St. Paul avenue. It is the *approach* to the viaduct of which the plaintiff complains, passing, as it does, between them on Sixteenth street, and occupying the entire street for that distance, the grade of which will be elevated, for a distance of 248 feet, about forty feet above the original grade of the street, thereby cutting off access from his property to the street, and interfering with his right to light and air, though for the remaining eighty feet there is no material interference with his rights in these respects. The contention for the defendant is that there has been no additional taking of the plaintiff's property, and that the blocks in question have not been subjected to any new use or servitude, and that, in the absence of an express statute allowing it, no damages can be awarded to the plaintiff for the injury of which he complains. It is impossible, we think, to maintain that the construction of this approach to the viaduct is not really a mere change of the grade of the street for the corresponding distance, and of which it takes the place. It is in the nature of a bridge which is an extension of a highway or street, and the street beneath is practically discontinued. The case of *Harrison v. Milwaukee Co.* 51 Wis.

645, is conclusive on this point; and to the same effect is *Willis v. Winona,* 60 N. W. Rep. 814.

The plaintiff contends, however, that ch. 122, Laws of 1891, operates, in the present instance, to authorize a new taking, and imposes an additional use or servitude on his property, for which he is entitled to compensation. This act does not authorize the taking and condemnation of any lands not within the strip seventy feet wide, and which begins about seventy feet south of the plaintiff's property, and runs thence south to a designated point in the southern part of the city; and the provisions of sec. 2 are limited in their application in like manner. The provision of sec. 6 that "the said viaduct and *approaches* thereto shall forever remain under the *absolute* control and management of the city" declares, also, that "no exclusive rights or franchises for purposes of horse-railway communication, the lighting of streets, highways or the like, or any other exclusive franchises, privileges or immunities shall be granted over the same or any part thereof, by said city, to any person or corporation whatever." The *absolute* control and management by the city thus provided for is evidently for the protection of the structure, and for police and other public purposes consistent with the use of the viaduct and approaches for public travel; and it cannot, in view of the latter provision of the section, be said that it gives the city any control over the viaduct and approaches which it would not have over any public street in the city.

The provisions of ch. 255, Laws of 1889 (S. & B. Ann. Stats. sec. 1296*a*), as construed by this court, do not apply to the case. In *Smith v. Eau Claire,* 78 Wis. 462, which was an action for change of grade of a street by filling it up above the former grade and above the level of the lots of the plaintiff, ch. 255, Laws of 1889, was relied on, in addition to a provision of the former charter of the city allowing damages in such cases which, it was claimed, had not

been repealed by the law of 1889. It is there said that "it is sufficient to say of it that it imposes liability for consequential damages only upon municipalities, companies, or corporations who close up, use, or obstruct highways so as to materially interfere with their usefulness, or to the injury or damage of property abutting thereon on either side. The lawful change of the grade of a street is not a closing up or use or obstruction of the street, within the meaning of this statute. Manifestly, it was not intended to reach a case like this. Had it been so intended, it is reasonable to believe that very different and more specific language would have been employed to express such intention."

For these reasons we hold that the plaintiff is not entitled to the remedy he has invoked, and that his complaint does not state facts sufficient to constitute a cause of action.

*By the Court.*— The order of the superior court is reversed, and the cause is remanded with directions to dismiss the plaintiff's complaint.