## HIRTH v. CITY OF INDIANAPOLIS.

[No. 2,025.    Filed December 16, 1897.]

MUNICIPAL CORPORATION.—*Change of Grade of Street.—Damages.—Repeal of Statute.—Indianapolis City Charter.*—So much of section 3508, Burns' R. S. 1894, as provides for the assessment and tendering of damages, before the grade of a street can be changed after it has been duly established, in cities of 100,000 inhabitants, was repealed by the act of March 6, 1891 (Acts of 1891, p. 137), commonly designated as the Indianapolis city charter.    *pp. 676–682.*

SAME.—*Property Abutting Street.—Damages from Surface Water.—When City Not Liable.*—A city is not liable to the owner of property abutting on a street, for damages resulting from the flow of surface water upon such property, where the cause of such flow is that the lots are below grade.    *pp. 682, 683.*

From the Marion Superior Court. *Affirmed.*

*Carter & Brown,* for appellant.

*James B. Curtis,* for appellee.

Vol. 18—43

WILEY, J.—Appellant was plaintiff below, and sued appellee to recover damages to her property, occasioned by changing the grade of one of its streets, after such grade had once been established by ordinance, and she had made improvements in the way of erecting buildings, etc., according to; and in conformity with the grade as established.

The complaint is in two paragraphs. The first paragraph of the complaint avers that since March, 1890, she has been, and is still, the owner of lot 72 in out lot 14, Drake's addition to the city of Indianapolis, also lot 1 in out lot 17 in McCormick's Heirs' addition to said city; that said lots adjoin each other, and are on the north side of Washington street, between Bloomington street and Belmont avenue; that on or about October 11, 1886, appellee, by an ordinance duly passed by the council and board of aldermen, fixed and established the grade of said Washington street, in front of said lots, and ordered the north sidewalk of said street, between said Bloomington street and Belmont avenue, paved with brick, and which improvement was made according to the provisions of said ordinance, and was completed, accepted, and approved on or about June 6, 1887; that afterwards, on the 15th day of March, 1890, appellant, knowing said grade had been so established, relying upon said fact, and believing that the same would remain so established, purchased said real estate, and that during the summer of 1890 she erected a building thereon to be used by her as a place of residence and for business purposes; that she also erected a barn, and filled said lots so as to conform to said grade, and planted grape vines, small fruits and trees, made walks, prepared and established flower beds, and made other improvements on said lots; that all improvements were made with reference and so as to conform to the grade of the said street

and said brick sidewalk; that in 1894, appellee, without first having assessed and tendered to appellant the damages therefor, changed the grade of said street so as to make the roadway thereof from two to three feet higher than the former established grade, and higher than said brick sidewalk; and that appellee has paved the said roadway with brick in front of appellant's property, and has left said street so that the roadway in front of her business buildings and in front of her lots, is from two to three feet higher than said brick sidewalk; that, by reason of said change in the grade of said street, appellant will have to raise her said buildings from two to three feet, and to fill up her lots so as to conform to said grade; that said grape vines, small fruit, and trees will be destroyed, and she will be compelled to raise said sidewalk, all at an expense of $1,000.00; and that, by reason of said change, her said business, to wit, that of a retail grocery and general store, has been greatly interfered with and damaged, etc.

The second paragraph of the complaint avers the same facts as to appellant's ownership, what she did to improve her property, and what the appellee had done, and then avers that in making said last improvement, the appellee carelessly, negligently, and wrongfully paved and improved said street, so that in front of appellant's property, the roadway was made and left, and is now from two to three feet higher than the grade of said sidewalk; that said last improvement was carelessly, negligently, and wrongfully made, so that the drainage and water accumulating on said street is caused to flow on to and over said sidewalk, and on to appellant's property; that it has left an abrupt ascent of three to four feet from the level of the sidewalk to the level of the street in front of appellant's property, so that the same is almost impassable,

and that her customers cannot, except by great incon-
venience, get from the street to the said walk.    Then
follow averments, in regard to raising her buildings,
etc., similar to those in the first paragraph.

Appellee demurred to each paragraph of the com-
plaint, which was sustained, and appellant excepted.
She declining to plead over, judgment was rendered
against her for costs.    The sustaining of the demurrer
to the complaint is assigned as error.

The plain question here presented, is whether or not
the appellee municipality is liable to respond in dam-
ages resulting to abutting property, by reason of
changing a grade of a street after it had once been es-
tablished by the city.    If the appellant has a right of
action, upon the facts stated (and their truth is ad-
mitted by the demurrer) it must be by virtue of some
statutory provision, for there is no common law lia-
bility.

Appellant's contention is, that by the express pro-
vision of a valid and existing statute, she is entitled
to recover damages by reason of appellee's changing
the grade of the street in front of her property.    That
part of the statute applicable here, is as follows:
"That when the city authorities have once established
the grade of any street or alley in the city, such grade
shall not be changed until the damages occasioned by
such change shall have been assessed and tendered to
the parties injured or affected by such change, and
such damages shall be collected by the city from the
party or parties asking such change of grade in the
manner provided for the collection of street improve-
ments."    Section 3508, Burns' R. S. 1894 (3073, Hor-
ner's R. S. 1896).    Appellee's contention is, that the
statute we have just quoted was repealed by the act of
1891, commonly designated as the charter of the city
of Indianapolis;    that said act makes no provision for

the assessment and payment of damages, and, hence, there is no liability. If appellee is right in its contention, then the demurrer was properly sustained.

There are two provisions of the act of 1891, which we will have to consider. Among the powers and duties of the "Department of Public Works," as fixed and defined by the act is, "To lay out, open, change, vacate, and to fix or change the grade of any street, alley, or public place within such city, and to design, order, contract for, and execute the improvement or repair of any street, alley or public place within such city." Section 3830, Burns' R. S. 1894, Acts 1891, p. 168.

Section 134 of the act (Acts 1891, p. 197) is as follows: "All laws within the purview of this act, and inconsistent herewith, are hereby repealed."

While the act March 6, 1891, empowers the department of public works to change the grade of any street or alley, within the corporate limits of the city of Indianapolis, there is no provision for the assessment of damages, resulting from such change. If therefore section 3508 (3073), *supra*, was repealed by the act of 1891, and there being no common law liability, it must necessarily follow that no damages are recoverable under the first paragraph of appellant's complaint.

Section 3508 (3073), *supra*, is section 27 of the act approved March 14, 1867. That act provided generally for the incorporation of cities, created certain offices, and prescribed the duties of the municipal officers. Among other things it invested the common council with power to lay out, widen, straighten, change, and improve streets and alleys, and authorized assessments upon abutting property, for the payment thereof. As we have said, it was a general act, and applied alike to all cities embraced within its provis-

ions. Under its provisions the common council could, upon petition, by proper proceedings direct the grade of any street to be changed, after it had been once established, but such grade could not be changed until all damages occasioned thereby had been assessed and tendered to the parties injured, or affected by such change. By the statute, it is made the duty of the city to collect such damages from the parties asking such change of grade. Such damages were to be collected in the same manner as that provided in the act for the collection of street improvements. And in this connection it is proper to say that ample provision is made in the act for the collection of assessment for street improvements, and that is upon the basis of the benefits accruing to property abutting or fronting thereon. Where, therefore, the grade of any street should be changed, after it had once been established, and such change occasioned any damages to abutting property, while it was the duty of the city to have assessed and tendered such damages, the city was not personally liable therefor, for the reason that the law made such damages a charge upon the party or parties asking for such change.

The act approved March 6, 1891, providing for the incorporation and government of cities, having more than one hundred thousand population, is not a special law, but a general one, applicable alike to all cities of the State containing such population. The act creates certain departments of the municipal government, and prescribes their powers and fixes their duties. One of the departments of such municipal government, is designated as the "Department of Public Works." Among the powers with which the board of public works is clothed, are the following: "To lay out, open, change, vacate, and to fix or change the grade of any street, alley, or public place within such

city, and to design, order, contract for, and execute the improvement or repair of any street, alley or public place within the city." Section 3830, Burns' R. S. 1894. Absolute power is conferred upon the board of public works, without petition or request of property owners, to order such improvements in streets and alleys, or to vacate streets and alleys, or to fix or change the grade of streets, as they may, in their judgment, deem proper. Provision is made in the act for notice to property owners, and gives them, in certain instances, and under certain conditions, the right to remonstrate and appeal from the action of the board. But no place in the statute is the city made liable for damages in changing the grade of a street, after it has once been established, nor does it make it obligatory upon such city to have such damages assessed and tendered. The act is full and complete, and that part of it now under consideration, covers every phase of public improvement, including the right and power of the board of public works, to change the grade of streets. As the act is applicable alone to cities containing a population of over one hundred thousand, as it is silent on the question of allowing damages, incident to the change of the grade of a street, after it had once been established, it is evident it seems to us, that the legislature did not intend that such damages should be recoverable.

Appellant concedes that she has no common law right to a recovery, and that if she is entitled to recover, it is by virtue of some statutory law. The repealing clause of the act of 1891, we have already quoted. It repeals "all laws within the purview of this act, and inconsistent herewith." The word "purview," as here used, means within the limit or scope of the act. It is meant to cover the whole extent of its intentions or provisions. The legal interpretation of

the phrase, "within the purview of this act," when used in a repealing clause of a statute, is no longer a question of speculation or doubt in this State. In *Williams* v. *State, ex rel.*, 86 Ind. 400, it was held that "the purview of an act begins with its enacting clause and ends before the repealing clause. * * * In *Payne* v. *Conner*, 3 Bibb. 180, it is said: 'The meaning usually attached to this term by writers on law seems to be the enacting part of a statute in contradistinction to the preamble; and we think the provision of the act repealing all acts or parts of acts coming within its purview, should be understood as repealing all acts in relation to all cases which are provided for by the repealing act; and that the provisions of no act are thereby repealed in relation to cases not provided for by it.' "

But in the repealing clause of the act under consideration it contains the additional provision that all laws "inconsistent herewith" are repealed.

The portion of section 59, of the original act above quoted empowers the board of public works to "lay out, open, change, vacate, and to fix or change the grade of any street, alley, etc.," and such power is not coupled with any authority or right to assess and tender, or cause to be paid, any damages occasioned by changing such grade, and no provision made for collecting damages from any source, to reimburse the city.

The act of 1891 is the only legislative expression concerning the government of cities having a population of over one hundred thousand, and as the legislature made provision therein for the change of the grade of streets, we must hold, that such act covers the whole subject-matter embraced, and that so much of section 3508 (3073), *supra*, as provides for the assessment and tendering of damages, before the grade of a

street can be changed, after it has been once duly es-
tablished, is repealed, in so far as it would otherwise
be applicable to cities within the class embraced by
the act. "

It seems clear to us that a general law providing for
the incorporation and government of cities, which
grants to a city the power to change the grade of a
street, subject to the limitation that such grade shall
not be changed, until the damages occasioned thereby
shall have been assessed and tendered to those injured
by such change, is inconsistent with a subsequent act
which specifically authorizes such change, without
any such limitation, and without providing any means
for the payment of such damages.

The supreme court of Wisconsin, in a well consid-
ered opinion, has decided the exact question here pre-
sented of appellant's right to recover, adversely to her
contention. *Smith* v. *City of Eau Claire*, 78 Wis. 457,
47 N. W. 830.

In that case the court said: "Perhaps no rule of law
is more completely settled than is the rule that if con-
sequential damages result to property owners from
raising or lowering the grade of a street by a munici-
pality, it is not a *taking* of private property for public
use, within the meaning of  *  *  *  the constitution,
and that if the municipality act under authority of
law in making the change of grade, and with due care,
it is not liable for such damages, unless made so by
some statute or constitutional provision." See also
*Weis* v. *City of Madison*, 75 Ind. 241, and authorities
there cited.

In that case it appears that the city of Eau Claire
was a municipality under a special charter. In 1889,
the legislature passed an act to revise, consolidate and
amend the then existing charter. Under the old char-
ter, there was a provision making the city liable for

damages caused by a change of the grade of a street, and under that charter an ordinance was passed directing a change of the grade of a certain street, and it was published April 9, 1889, and it was effective only upon its publication. The act amending the charter was published and took effect March 30, 1889, and though it provided that the grades of streets might be changed, no provision was made for the payment of damages. Under these facts it was held that although the ordinance was passed under the old charter, it did not become effective until the new charter went into effect, and as it contained no provision for the payment of damages, there could not be a recovery.

On the question of repeal of statutes where subsequent acts are passed relating to the same subject-matter, the court, in *Smith* v. *City of Eau Claire, supra,* said: "The general rule is that a statute which revises the subject-matter of a former statute works a repeal of such former statute without express words to that effect."

To the same effect is the case of *Lewis* v. *Stout,* 22 Wis. 234. These authorities are in harmony with what we have already said on the subject of repeal.

In the second paragraph of the complaint, the appellee is charged with negligence in making the change in the grade of the street. The language of the complaint is that, "the defendant (appellee) has so negligently, carelessly, and wrongfully made said street, that the drainage and water accumulating on said street is caused to run from said street on to and over said sidewalk and on to plaintiff's (appellant's) property."

Appellant urges that this is negligence for which the city is liable, and bases her contention on the fact that it is charged that the city itself did the work of constructing the street, etc. The alleged negligence

here charged is that by reason of the change in the grade of the street, the water accumulating thereon is carried over and upon appellant's property. We must construe this to mean, that merely the surface water, or water that accumulates from falling rain, is carried on to her property. There is no pretense in the complaint that by reason of the grade, any additional volume or quantity of water is gathered, in gutters or otherwise, and carried on to her property.

The learned counsel for appellant have not cited any authority in support of their contention, while there are many cases, which hold that there is no liability to a city, where surface water flows from the grade of one of its streets over and upon adjoining lots, because such lots are below the grade. *Weis* v. *City of Madison, supra*; 2 Dillon, Municipal Corporations (3d ed.), sec. 1051.

Mr. Dillon says: "Surface water is a common enemy, which the lot owner may fight by raising his lot to grade, or in any other proper manner, and since the municipality has the undoubted right to bring its streets to grade, and has as much power to fight surface water in its streets as the adjoining private owner, it is not ordinarily, if ever, liable for simply failing to provide culverts or gutters adequate to keep surface water off from adjoining lots *below grade*, particularly if the injury is one which would not have occurred had the lots been filled so as to be on a level with the street." In harmony with the above doctrine are the following: Elliott on Roads and Streets, p. 364; *Weis* v. *City of Madison, supra; Clark* v. *City of Wilmington*, 5 Harrington (Del.) 243; *Imler* v. *City of Springfield*, 55 Mo. 119; *Wilson* v. *Mayor, etc.*, 1 Denio 595; *Hoyt* v. *City of Hudson*, 27 Wis. 656.

Many authorities might be cited, but we deem it unnecessary. The facts pleaded in this case bring it

within the maxim, *Damnum absque injuria,* and the appellant is without remedy.

We frankly say that from the averments of the complaint—and the demurrer admitted their truth—the appellant has been greatly damaged, but under the facts and law, the remedy, if any, is in the legislature and not in the courts.

The demurrer was correctly overruled.

Judgment affirmed.