ZACHE and wife, Appellants, vs. TOWN OF WEST BEND, Defendant: UTILITY DISTRICT No. 1, Respondent.

*November 11—December 7, 1954.*

For the appellants there was a brief by *Irving D. Gaines* and *N. Paley Phillips,* both of Milwaukee, and oral argument by *Mr. Gaines.*

For the respondent there was a brief by *Schloemer, Stoltz & Merriam* of West Bend, and oral argument by *Clyde J. Schloemer.*

BROWN, J. The complaint alleges that the action of the district in changing the grade of the highway was illegal and plaintiffs submit that the demurrer admits the allegation, wherefore, a cause of action is stated. The allegation is a conclusion of law and is not admitted by demurrer.

More specifically, the complaint alleges that the utility district failed to comply with the requirements of ch. 80, Stats., for giving notice of the change of grade, conducting hearings, making awards of damages to abutting landowners, and the like, and thus its change of grade was illegal. Ch. 80, Stats., relates to highways, including town highways, and directs the procedure to be followed in laying out, widening, altering, or discontinuing them. Laying out, widening, or discontinuing are obviously not in this suit. The alterations contemplated and affected by the statute are those which change the boundaries of the highway, not alterations resulting from work done within the established highway limits. There is no illegality here attributable to the location of the work done. We do not find other provisions in ch. 80, Stats., with which the respondents were commanded to comply in performing this work and in which they failed. We conclude that respondents did not violate ch. 80, Stats.

Appellants cite sec. 80.47, Stats., which declares:

". . . owners of land abutting on any highway, . . . shall have a common right in the free and unobstructed use thereof . . . and no town . . . shall close up, use, or obstruct any part of the highway, . . . so as to damage property abutting thereon, . . . without due compensation being made for any damage resulting therefrom to the [abutting] owners of land. . . ."

*Smith v. Eau Claire* (1891), 78 Wis. 457, 463, 47 N. W. 830, holds that a lawful change in the grade of a street is not a closing up, use, or obstruction of the street within the meaning of this statute.

Sec. 62.16 (6), Stats., provides for published notices and hearings when a *city* changes the grade of a street. Ch. 60, Stats., relates to townships as ch. 62, Stats., does to cities, but it contains no provisions comparable to those of sec. 62.16. The inference must be that the legislature did not intend to impose such limitations or formalities on towns or their agencies in highway matters.

Appellants also contend that their constitutional rights have been violated in that their property,—meaning the use and enjoyment of it,—has been taken for public use without compensation. In *Smith v. Eau Claire, supra,* and in *Colclough v. Milwaukee* (1896), 92 Wis. 182, 65 N. W. 1039, we held that change of grade is not a taking of private property for public use and consequential damage to abutting property is not a taking thereof and is not compensable in the absence of a statutory or constitutional provision making it so if the change of grade is made by authority of law and with due care. The complaint here does not allege any lack of due care.

Appellants have not shown us a statutory or constitutional provision applicable to townships or their utility districts directing procedure to be followed in the matter of changing the grades of town highways and, consequently, do not show a violation of law by the town or district authorities in this respect. We conclude that there was no violation of law in the premises and, therefore, appellants are not entitled to compensation because the convenient access to their garage has been impaired.

*By the Court.*—Order affirmed.