Barrett, Respondent, v. Pepoon, Appellant.

*February 7—March 5, 1963.*

For the appellant there was a brief by *Glassner, Clancy & Glassner* of Milwaukee, and oral argument by *William E. Glassner, Jr.,* and *Lawrence Clancy.*

For the respondent there was a brief by *Robertson, Hoebreckx & Davis,* attorneys, and *John G. Vergeront* of counsel, all of Milwaukee, and oral argument by *Mr. Vergeront.*

GORDON, J. The complaint alleges the existence of a void judgment in favor of Mr. Pepoon. Paragraph three of the complaint recites the basis upon which the plaintiff Barrett contends that the judgment in favor of Pepoon is void.

Our scrutiny of the complaint convinces us that a cause of action is not alleged. In paragraph 3 of the complaint the plaintiff avers that the judgment was entered against Barrett "without authority of law." This is a conclusion of

law which a demurrer does not admit. *Reque v. Milwaukee & S. T. Corp.* (1959), 7 Wis. (2d) 111, 95 N. W. (2d) 752; *Zache v. West Bend* (1954), 268 Wis. 291, 67 N. W. (2d) 301. Similarly, in *Hoard v. Gilbert* (1931), 205 Wis. 557, 561, 238 N. W. 371, this court approvingly quoted the following:

" 'A pleading which depends on conclusions of law, without stating the facts on which they are based, is fatally defective. In other words, a conclusion of law cannot obviate the necessity of setting out essential facts.' "

The complaint also alleges that the judgment was entered "without notice." The mere absence of a notice of entry of judgment does not make it a void judgment. The notice of entry presupposes a judgment which has been entered or perfected pursuant to ch. 270, Stats. The office of a notice of entry of judgment is to toll the time for serving the bill of exceptions. Sec. 270.47, Stats. *Jolitz v. Graff* (1960), 12 Wis. (2d) 52, 106 N. W. (2d) 340.

Paragraph 3 of the complaint further alleges that "said judgment is void for the reason the defendant Pepoon was not a party to the lawsuit in which judgment was entered in his favor." In our opinion, the early portion of this quotation ("said judgment is void") is a conclusion of law, and the latter portion ("Pepoon was not a party to the lawsuit") is not a sufficient allegation of fact to demonstrate the invalidity of the judgment. In *Handy v. Holland Furnace Co.* (1960), 11 Wis. (2d) 151, 154, 105 N. W. (2d) 299, we said:

"The basic requirement in pleading facts constituting a cause of action is that the complaint give to the other party notice of what is claimed."

The allegation that Pepoon was not a party to the lawsuit does not in and of itself present the factual basis for the

contention that the judgment is void. It must be noted that the previous portion of paragraph 3 of the complaint alleges that Pepoon "caused to be entered against plaintiff a judgment . . ." This establishes that Pepoon had some stake in the proceedings; it tends to be inconsistent with the contention that he was not a party to the lawsuit.

A judgment of the circuit court is entitled to dignity. He who desires to attack such a judgment collaterally, as the plaintiff does here, must allege sufficient facts to show that the judgment may be void. If it is a fact that Pepoon caused the judgment to be entered, as the complaint avers, then it follows that Pepoon was personally bound by such judgment. This answers the respondent's contention that Pepoon, not being a party, could have brought suit upon the same cause of action at some later date.

A judgment is not necessarily void because it affects the rights of those who were not parties thereto. For example, class actions affect persons not named as parties. Sec. 260.12, Stats. *Pipkorn v. Brown Deer* (1960), 9 Wis. (2d) 571, 576, 101 N. W. (2d) 623. A person not a party may stipulate to be bound or in some other form consent to the entry of judgment and thereby be bound by it.

A judgment naming one party may bind another party where there is a special relationship between the parties as set forth in *R. B. General Trucking v. Auto Parts & Service* (1958), 3 Wis. (2d) 91, 87 N. W. (2d) 863.

We recognize that normally one who is not a party to a lawsuit is not bound by the judgment thereof. However, when a judgment is in fact entered we cannot say that it is void where the only reason given for the claimed invalidity is the fact that one was not a party thereto. When challenged by demurrer, it must be said that this complaint does not assert sufficient facts to support the contention that the judgment is void.

Accordingly, the demurrer should have been sustained. The plaintiff should have an opportunity to plead over and assert the facts on which he bases his contention of invalidity.

*By the Court.*—Order reversed; cause remanded with instructions that the plaintiff be granted twenty days from the return of the remittitur to plead over.