KENSINGTON DEVELOPMENT CORPORATION and LRB Associates, Ltd., Plaintiffs-Appellants,

v.

Scott M. ISRAEL and Stephen L. Cleary, Defendants-Respondents-Petitioners,

Derald WEST and David P. Sweeney, Defendants-Respondents,

Supreme Court

*No. 86–0846. Argued December 8, 1987.—Decided February 18, 1988.*

(Also reported in 419 N.W.2d 241.)

For the defendants-respondents-petitioners (Cleary) there was a brief by *Edward A. Hannan* and *Godfrey, Trump & Hayes,* Milwaukee and oral argument by *Edward A. Hannan.*

For the defendants-respondents-petitioners (Israel) there were briefs by *James G. Allison* and *Whyte & Hirschboeck, S.C.,* Milwaukee and oral argument by *James G. Allison.*

For the plaintiffs-appellants there was a brief by *Thomas D. Georgeson,* and *Johnson, Brendemuehl & Georgeson,* Oconomowoc, and *Mary Anne Gerstner, Tom W. Stonecipher* and *Burke, Griffin, Chomicz & Wienke,* Chicago and oral argument by *Thomas D. Georgeson* and *Bill Dwyer.*

STEINMETZ, J. The issue in this case is whether Wisconsin's common law privilege from liability for relevant statements made in judicial proceedings provides an absolute defense against the tort of slander of title for filing a false, sham or frivolous lis pendens notice, notwithstanding the provisions of sec. 706.13(1), Stats.,[1] which expressly provide a cause of action and a statutory penalty for slander of title in such circumstances. In *Kensington Development v. Israel,* 139 Wis. 2d 159, 407 N.W.2d 269 (Ct. App.

---

[1]Sec. 706.13(1), Stats., provides as follows:

**"706.13 Slander of title.** (1) In addition to any criminal penalty or civil remedy provided by law, any person who submits for filing, docketing or recording, any lien, claim of lien, lis pendens, writ of attachment or any other instrument relating to the title in real or personal property, knowing the contents or any part of the contents to be false, sham or frivolous, is liable in tort to any person interested in the property whose title is thereby impaired, for punitive damages of $1,000 plus any actual damages caused thereby."

896

1987), the court of appeals held that an absolute privilege does not apply to the acts specified in sec. 706.13 and does not provide a complete defense to a cause of action for slander of title based upon those acts. We agree.

Plaintiffs brought this action in the circuit court for Waukesha county before Judge Clair Voss for slander of title to three parcels of property in Delafield, Wisconsin. Judge Voss granted defendants' motion for summary judgment, recognizing absolute immunity to slander in a judicial proceeding. Plaintiffs' claims arise from the recordation against title to the properties of an alleged false or frivolous lis pendens. The lis pendens was recorded by an unsecured creditor's committee and its attorney, Stephen Cleary (Cleary), the defendants here, in connection with an adversary complaint filed February 21, 1985, in a ch. 11 bankruptcy case, *In Re Delafield Development,* No. 83–03092, then pending in the federal bankruptcy court for the Eastern District of Wisconsin. The adversary complaint was dismissed twice, the second time for lack of jurisdiction. The final dismissal order included a provision which ordered the defendants to withdraw the lis pendens notice. Plaintiffs allege the lis pendens clouded title to their property for over four months and interfered with sales of the property.

The plaintiffs are Kensington Development Corporation (Kensington), an Illinois Corporation, and LRB Associates, Ltd., (LRB), an Illinois limited partnership. Kensington purchased the property at issue at a sheriff's foreclosure sale and contracted to sell a portion of it, a shopping center, to LRB.

All three parcels of land involved, including the Heritage Ridge Shopping Center, were originally

owned by Delafield Development (Delafield), a Wisconsin general partnership which developed the shopping center. Two of Delafield's partners were Waukesha Venture and Rubin Associates, both owned by James Flanagan.

In addition to a claim brought by the Chemical Bank of New York, whose foreclosure action precipitated the bankruptcy action, Delafield also faced unsecured creditor claims totaling approximately $1 million. The creditor's committee was formed to protect their interest.

During the latter half of 1984, James Flanagan, acting as debtor in possession for Delafield, proposed a plan whereby Chemical Bank of New York's mortgage would be purchased by LRB at a foreclosure sale. LRB would then own the shopping center and related parcels. The specifics of this proposal were explained to the bankruptcy court and the creditor's committee during a hearing. At the hearing, Flanagan stated that none of the partners of the debtor had any connection or relationship with LRB. This representation was responsive to the court's concern about whether an "insider" was on the purchasing side of the proposed transaction.

The committee's complaint filed in bankruptcy court alleged that James Flanagan did possess an ownership interest as the purchaser because he was a principal in LRB. The committee requested a revesting of title to the property. The committee also filed a lis pendens in connection with the complaint. The bankruptcy court eventually dismissed the committee's complaint and ordered it to release the notice of lis pendens on the ground that the court lacked jurisdiction.

Kensington Development and LRB commenced the instant action claiming that the filing of the lis pendens had created a cloud upon title, allegedly causing LRB to lose sales of certain interests; they also alleged that the committee acted without regard for the truth and with malice toward Kensington and LRB. The Waukesha county circuit court held that the action in filing the lis pendens was absolutely privileged and granted summary judgment for the committee. The court of appeals reversed this decision holding that a conditional privilege applied instead.

Defendant Cleary argues that because the bankruptcy court failed to find the adversary complaint and accompanying lis pendens to be frivolous, the state circuit court was precluded from collaterally reviewing this matter. "The ability collaterally to attack bankruptcy petitions in the state courts would also threaten the uniformity of federal bankruptcy law, a uniformity required by the Constitution. U.S. Const. art. I, sec. 8, cl. 4." *Gonzales v. Parks,* 830 F.2d 1033, 1035 (9th Cir. 1987). However, in the instant case, the bankruptcy court dismissed the complaint and ordered the release of the notice of lis pendens on the ground that the court lacked jurisdiction. These events occurred before the instant action was commenced in state court and, therefore, there was no bankruptcy action to take federal supremacy and exclusivity. State courts regularly determine issues involving alleged false, sham or frivolous instruments, the subject matters of sec. 706.13, Stats.

Whether the committee's actions were absolutely privileged is a question of law which this court decides without deference to the trial court or court of

899

appeals. *Lambert v. Wrensch,* 135 Wis. 2d 105, 115, 399 N.W.2d 369 (1987).

The absolute privilege rule upon which defendants rely has roots in the early common law. In *Jennings v. Paine,* 4 Wis. 372, 375 [358] (1855) the court granted absolute privilege to an attorney for defamatory statements made about a witness to a jury during judicial proceedings. The rule has been subsequently interpreted to grant absolute immunity additionally for pleadings in a judicial action. *See* Restatement Second of Torts, sec. 592a (1977). In W. Prosser & W. Keeton, The Law of Torts, sec. 114, at 817 (5th ed. 1984) the authors state: "The privilege covers anything that may be said in relation to the matter at issue, whether it be in the pleadings, in affidavits, or in open court."

The committee asserts that this principle of absolute immunity applies because its adversary complaint was part of a judicial proceeding, as was the accompanying lis pendens. The absolute immunity rule protecting slanderous statements made during judicial proceedings evolved to permit the free resolution of controversies in the court system. The rationale is that judges, witnesses, parties and counsel should be able to participate in their respective roles without fear of incurring civil liability arising from any defamatory statements that may be uttered during judicial proceedings. However, the same rationale does not necessarily lie to shield the statements or actions giving rise to a slander of title claim.

The torts of defamation and slander of title[2] evolved in the common law to protect different

---

[2]Prosser finds a more appropriate term than "slander of title" to be "injurious falsehood" to distinguish the tort from personal defamation claims. *Id.* at 964.

interests. In a defamation action it is claimed that one's good character or reputation is attacked. In a slander of title action it is asserted that an individual's statement or action has interfered with one's economic interest in real property. Prosser & Keeton on Torts, Injurious Falsehood, sec. 128 at 962–63 states:

> "The recognition that such relations are entitled to protection against unreasonable interference is on the whole a comparatively recent development. In one respect, however, it is very old. Pecuniary loss inflicted by interference with the plaintiff's personal reputation already has been encountered in defamation. Because of its ancient, left-handed association with defamation, the kind of interference by falsehoods which are not personally defamatory, and yet cause pecuniary loss, has for some centuries been regarded as a more or less distinct tort in itself. . . . The plaintiff's title or property seems to have been regarded as somehow personified, and so defamed. Because of the unfortunate association with 'slander,' a supposed analogy to defamation has hung over the tort like a fog . . . ." (Footnotes omitted.)

The committee further argues that sec. 840.10, Stats.,[3] requires the filing of a lis pendens in any

---

[3]Sec. 840.10, Stats., provides as follows:

**"840.10 Lis pendens; who may file; effect when void; discharge.** (1) In an action where relief is demanded affecting described real property which relief might confirm or change interests in the real property, after the filing of the complaint the plaintiff shall file in the office of the register of deeds of each county where any part thereof is situated, a lis pendens containing the names of the parties, the object of the action and a description of the land in that county affected thereby. In any action if the defendant asks relief on a counterclaim or cross-

action involving real property as a means to put third parties on constructive notice of pending litigation. *Belleville State Bank v. Steele,* 117 Wis. 2d 563, 575, 345 N.W.2d 405, 411 (1984). While this latter assertion is true, there is no requirement by statute or common law that a lis pendens be filed if it is false, sham or frivolous. Therefore, sec. 706.13, does not punish compliance with sec. 840.10 as defendants' argument would suggest, but merely allows civil liability for the abusive use of the lis pendens.

Under a slander of title claim, an individual must show a publication which: (1) results in an injurious falsehood or disparagement of property and includes matters derogatory to the plaintiff's title or business in general, calculated to prevent others from dealing with the plaintiff, or to interfere with his relations with others to his disadvantage; (2) has been communicated to a third person; (3) plays a material or substantial part in inducing others not to deal with the plaintiff, and (4) results in special damage. Prosser at sec. 967.

█ This common law has been codified by sec. 706.13, Stats. The elements are largely the same as at common law. A knowingly false, sham or frivolous claim of lien or any other instrument relating to real

complaint, which contains a legal description of the real estate and seeks such relief, after the filing of the counterclaim or cross-complaint he shall file a lis pendens. From the time of such filing every purchaser or encumbrancer whose conveyance or encumbrance is not recorded or filed shall be deemed a subsequent purchaser or encumbrancer and shall be bound by the proceedings in the action to the same extent and in the same manner as if he were a party thereto. ...

"(4) This section applies to all courts in this state, including United States district courts."

or personal property filed, documented or recorded which impairs title is actionable in damages.

The absolute protection of pleadings was a judicially created doctrine. However, with the enactment of sec. 706.13, Stats., the legislature has, in effect, modified this doctrine as it relates to the filing of a lis pendens and rendered it a conditional privilege. If the absolute privilege rule is applied, the slander of title statute, sec. 706.13, Stats., would be nullified because it would be virtually impossible to assert a claim if all communications in judicial proceedings relating to property were absolutely privileged. We hold, as did the court of appeals, that when a lawsuit is commenced pursuant to sec. 706.13, the absolute privilege rule does not apply. Rather, a conditional privilege rule applies.

This court stated in *Converters Equipment Corp. v. Condes Corp.,* 80 Wis. 2d 257, 264–65, 258 N.W.2d 712 (1977):

> "The Restatement of Torts states that an occasion is conditionally privileged if the communication 'affects a sufficiently important interest of the publisher' and 'the recipient's knowledge of the defamatory matter will be of service in the lawful protection of the interest.' In the area of conditional privileges, the Restatement of Torts has been approved of and adopted by this court. However a conditional privilege is subject to the limitation that persons making the statements have reasonable grounds for believing the truth of the statements made and that the statements made are reasonably calculated to accomplish the privileged purpose."

The pleading involving an interest in real estate will be protected. The protection, however, is subject to two conditions: (1) the pleader must have a reasonable ground for believing the truth of the pleading, and (2) the statements made in the pleading must be reasonably calculated to accomplish the privileged purpose.

The sole purpose of a lis pendens is to give constructive notice to third parties of pending judicial proceedings involving real estate. The lis pendens does not create or serve as a lien on real property; it has no separate existence of its own apart from the litigation for which it served notice. *Procacci v. Zacco,* 402 So. 2d 425, 427 (Fla. Dist. Ct. App. 1981). Therefore, in order to determine whether a conditional privilege applies in a slander of title action involving a lis pendens, it is necessary to consider the underlying cause of action as represented in the pleadings.

We do not consider whether the matters asserted in the complaint by the committee were true and whether the attendant lis pendens was necessary to prevent fraud upon the bankruptcy court and the unsecured creditors. The motion for summary judgment was granted applying the inappropriate legal rule of absolute privilege for the filing of a lis pendens. Therefore, the case is remanded to the trial court for a determination of whether the committee filed the complaint knowing the contents or any part thereof to be false, sham or frivolous and therefore subject to damages as authorized under sec. 706.13, Stats.

Petitioners contend, and we agree, that the middle standard of proof requiring clear, satisfactory and

convincing evidence governs a claim arising under sec. 706.13, Stats. The legislature enacted this statute with the intent "to provide [a] heavy penalty for the fraudulent impairment of the title of another." Drafting records, 1969 Laws of Wisconsin, ch. 285, sec. 23. It is well established that a common law claim sounding in fraud must be established by the middle burden of proof. *Lundin v. Shimanski,* 124 Wis. 2d 175, 184, 368 N.W.2d 676 (1985). Moreover, the civil penalty for knowingly filing a false, sham or frivolous lis pendens is an award to the plaintiff for *punitive damages* in the amount of $1,000. Sec. 706.13(1). In accordance with this state's requirement that a civil claim requesting punitive damages must be established by clear, satisfactory and convincing evidence, *Wangen v. Ford Motor Co.,* 97 Wis. 2d 260, 300, 294 N.W.2d 437 (1980), we adopt the middle standard for burden of proof for claims arising under sec. 706.13.

*By the Court.*—The decision of the court of appeals is affirmed.