Kermit LARSON, Ross Larson, and June Larson, Plaintiffs-Appellants,

v.

Douglas R. ZILZ and National Union Fire Insurance Company of Pittsburgh, Defendants-Respondents, †

Rebecca J. LARSON, Defendant.

Court of Appeals

*No. 88-2280. Submitted on briefs June 1, 1989.—Decided July 18, 1989.*

(Also reported in 445 N.W.2d 699.)

† Petition to review denied.

For plaintiffs-appellants there was a brief by *David M. Erspamer* of *Erspamer Law Office*, Amery.

For defendants-respondents there was a brief by *Douglas M. Johnson* of *Garvey, Anderson, Kelly & Ryberg, S.C.*, Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Kermit, Ross, and June Larson appeal a summary judgment in favor of Douglas R. Zilz and his insurer, National Union Fire Insurance Company of Pittsburgh, and an order dismissing the Larsons' complaint. The trial court held that Zilz's filing of a lis pendens against real property owned by Kermit Larson was privileged as a matter of law. The Larsons contend that there are genuine issues of material fact as to whether the conditions necessary to invoke this conditional privilege available to individuals filing pleadings related to real estate have been met. Because we conclude that the privilege was not available to Zilz as a matter of law, we reverse and remand the cause to the trial court for further proceedings.

Zilz is an attorney who represented Rebecca Larson in a divorce action against her former husband, Ricky Larson. During the marriage, Ricky and Rebecca had constructed a home on a parcel of undeveloped and primarily wooded land owned by Kermit, Ricky's father. The parties agree that Kermit promised to make a gift of the property upon which the home was built to Rebecca and Ricky but never did so. Apparently, Rebecca and Ricky owed him money for various expenses Kermit had incurred on their behalf for the construction of the home. Kermit told Ricky that he would not deed over the property to them until they reimbursed him for these expenses. Because they failed to do so, he never deeded the property to them.

639

Rebecca and Ricky lived in the house for approximately two years. In 1985, Rebecca moved out and initiated divorce proceedings. Apparently to protect Rebecca's interest in the home, Zilz decided to file a lis pendens. He contacted the register of deeds and an abstractor, Richard McKeag, to obtain a legal description of the property. It is disputed, however, whether he asked McKeag merely for a legal description of all of the property in government lot 8 owned by Kermit, or whether he specifically requested a description of only the property upon which the house had been built. On February 14, 1986, Zilz filed the lis pendens against the entire 58.4 acres owned by Kermit despite the fact that he knew that any interest Rebecca might have in that property would not exceed five acres. Although Kermit, his attorney, and others made various requests that Zilz remove the lis pendens against the unaffected portion of the property, the lis pendens remained filed against the entire 58.4 acres until it was amended in September, 1988, to cover only 1.72 acres.

Kermit sued Zilz for slander of title pursuant to sec. 706.13, Stats. He alleged that the lis pendens rendered the property unalienable, causing him to incur various damages, including the loss of potential sales because he could not provide clear title. On Zilz's motion for summary judgment, the trial court concluded that the conditional privilege was available to Zilz and that the conditions necessary for the privilege to apply were met. Because this privilege constituted a complete defense to the Larsons' claim, the court dismissed their complaint.

Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Sec. 802.08(2), Stats. Summary judgment methodology pro-

hibits a trial court from deciding factual issues; instead, the court only determines whether a factual issue exists, resolving all doubts against the moving party. *Preloznik v. City of Madison,* 113 Wis. 2d 112, 116, 334 N.W.2d 580, 583 (Ct. App. 1983). On review, we apply the same statutory standards as did the trial court. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987).

Section 840.10(1), Stats., provides in part:

> *In an action where relief is demanded affecting described real property which relief might confirm or change interests in the real property,* after the filing of the complaint the plaintiff *shall file* in the office of the register of deeds of each county where any part thereof is situated, a lis pendens containing the names of the parties, the object of the action and a description of the land in that county affected thereby. (Emphasis supplied.)

However, to prevent abuse of the lis pendens, sec. 706.13, Stats., provides a cause of action for slander of title. Specifically, sec. 706.13(1) provides:

> In addition to any criminal penalty or civil remedy provided by law, any person who submits for filing, docketing or recording, any lien, claim of lien, lis pendens, writ of attachment or any other instrument relating to the title in real or personal property, knowing the contents or any part of the contents to be false, sham or frivolous, is liable in tort to any person interested in the property whose title is thereby impaired, for punitive damages of $1,000 plus any actual damages caused thereby.

Thus, a knowingly false, sham or frivolous claim of lien or any other instrument relating to real property filed,

641

documented or recorded which impairs title is actionable in damages. *Kensington Dev. Corp. v. Israel,* 142 Wis. 2d 894, 902–03, 419 N.W.2d 241, 244 (1988).

Ordinarily, pleadings and statements made during a judicial proceeding enjoy absolute immunity from liability for slander. *Id.* at 900, 419 N.W.2d at 243. When a lawsuit is commenced pursuant to sec. 706.13, however, only a conditional privilege applies to protect the party who filed the lien or claim. *Kensington,* 142 Wis. 2d at 903, 419 N.W.2d at 244. This conditional privilege " 'is subject to the limitation that persons making the statements have reasonable grounds for believing the truth of the statements made and that the statements made are reasonably calculated to accomplish the privileged purpose.' " *Id.* (citing *Converters Equip. Corp. v. Condes Corp.,* 80 Wis. 2d 257, 264–65, 258 N.W.2d 712, 716 (1977)). Thus, Zilz's conduct in filing the lis pendens is protected, but only if (1) he had a reasonable ground for believing the truth of the information in the lis pendens; and (2) the statements in the lis pendens were reasonably calculated to accomplish the privileged purpose, *i.e.,* the protection of Rebecca's rights in the divorce action.

We conclude that the lis pendens was not reasonably calculated to accomplish its privileged purpose as a matter of law. Because there is no relationship between the filing of a lis pendens on real property owned by a nonparty in a divorce action and the divorce action in the absence of an allegation of fraud, the filing was not privileged.

This lis pendens was filed against real property owned by Kermit, who was neither a party nor involved in the divorce action that was the basis for the filing. The divorce court had no power to compel a deed from

642

Kermit, to determine Kermit was not the owner of the property, or, in any other way, to affect the ownership of this property. *See, e.g., Barrett v. Pepoon,* 19 Wis. 2d 360, 363, 120 N.W.2d 149, 151 (1963). Although Rebecca may have instituted a separate action to compel the issuance of a deed, she did not do so. For the purpose of the divorce action, the value of the improvements to the property and Rebecca's interest in such improvements could be determined without affecting ownership to the real estate. We therefore conclude that the lis pendens was not reasonably calculated to accomplish any legitimate purpose in the divorce proceeding.

██ In addition, the trial court erred by concluding as a matter of law that Zilz had a reasonable belief as to the truthfulness of the statements contained in the lis pendens. Because there are issues of material fact as to the reasonableness of Zilz's belief in the truth of the information contained in the lis pendens, the trial court erred by determining the matter on summary judgment.

There is certainly some question regarding the reasonableness of Zilz's belief that the divorce action might affect the fifty-eight acres of property, especially when Zilz admitted that he knew at the time of filing his client had an alleged interest in only five acres or less. There is also a dispute as to the reasonableness of Zilz's attempts to obtain a legal description for only the real property upon which the home was situated. Furthermore, even after being advised three times by different individuals as to the lis pendens' overbreadth and to the financial hardship it was causing, Zilz refused to release or amend the lis pendens.

We conclude that Zilz's filing of the lis pendens is not privileged. Therefore, we reverse the summary judgment and remand for further proceedings.

*By the Court.*—Judgment and order reversed and cause remanded to the trial court for further proceedings.