STATE of Wisconsin, Plaintiff-Appellant,†

v.

John W. DUNN, Defendant-Respondent.

Court of Appeals

No. 97–0167. *Submitted on briefs July 9, 1997.—Decided September 18, 1997.*

(Also reported in 570 N.W.2d 614.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James E. Doyle*, attorney

general, and *Richard E. Braun*, assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Paul R. Erickson* and *Colleen M. Fleming* of *Gutglass, Erickson & Bonville, S.C.* of Milwaukee.

Before Eich, C.J., Dykman, P.J., and Roggensack, J.

ROGGENSACK, J. The State of Wisconsin appeals a final order dismissing its collection action against chiropractor John W. Dunn. The State argues that the circuit court erred when it ruled that the State lacked the statutory authority to sue to collect costs assessed by the Wisconsin Chiropractic Examining Board (the board) as part of a disciplinary proceeding. The State also maintains that it has inherent authority to bring an action for the board to collect the assessed costs. However, because we conclude that collection of the costs assessed by the board under § 440.22, STATS., may not be pursued in an independent action for a money judgment, but may be collected only as a condition to reinstatement of the disciplined practitioner's credentials, we affirm the order of the trial court.

## BACKGROUND

Dunn is a chiropractor who was licensed to practice in Wisconsin. He devoted a substantial part of his practice to conducting independent medical examinations for insurance companies to determine whether a patient's treatment by another chiropractor was necessitated by a work-related injury. In December of 1991, in response to several complaints by female patients about improper personal comments and touching dur-

ing exams, the Department of Regulation and Licensing, Division of Enforcement (the department) initiated administrative disciplinary proceedings against Dunn. An administrative law judge held an extended hearing on the matter in March of 1993, and on November 11, 1993, the board issued a Final Decision and Order reprimanding Dunn for unprofessional conduct on seven of the nineteen alleged counts, suspending his license for sixty days, and requiring that Dunn undertake boundary training and be accompanied by a female attendant during his physical examinations of women for the following three years. The board also ordered "that the assessable costs of this proceeding be imposed upon Respondent Dr. Dunn, pursuant to § 440.22, Stats."

On August 11, 1994, the board issued another order directing Dunn to pay $29,221.18 for the costs of the proceeding directly related to the counts which were proven.[1] The decision was appealed to and

---

[1] WISCONSIN ADM. CODE RL 2.18 provides:

**Assessment of costs. (1)** The proposed decision of an administrative law judge following hearing shall include a recommendation whether all or part of the costs of the proceeding shall be assessed against the respondent.

**(2)** If a respondent objects to the recommendation of an administrative law judge that costs be assessed, objections to the assessment of costs shall be filed, along with any other objections to the proposed decision, within the time established for filing of objections.

**(3)** The disciplinary authority's final decision and order imposing discipline in a disciplinary proceeding shall include a determination whether all or part of the costs of the proceeding shall be assessed against the respondent.

**(4)** When costs are imposed, the division and the administrative law judge shall file supporting affidavits showing costs incurred within 15 days of the date of the final decision and order. The respondent shall file any objection to the affidavits within 30 days of the date of the final decision and order. The disciplinary

affirmed by the Circuit Court of Waukesha County on April 28, 1995.[2] Dunn's appeal of the board's determination was voluntarily dismissed, leaving the board's order intact.

Nearly a year later, after Dunn failed to pay the assessed costs, the State initiated this collection action. Dunn filed a motion to dismiss, asserting that the complaint failed to state a claim; that the action was barred by *res judicata*; that even if a claim existed, the State lacked authority to bring suit on behalf of the agency; and that it had failed to satisfy certain statutory requirements necessary to the State's initiating the action. Because both parties relied on matters outside of the pleadings, the circuit court treated the motion to dismiss as one for summary judgment and granted it, ruling that the State lacked statutory authority to bring the action. On appeal, the State contends that it has inherent, as well as statutory, authority to bring suit to recover costs assessed by the board.

---

authority shall review any objections, along with the affidavits, and affirm or modify its order without a hearing.

[2] Dunn contends that the present action should be barred under the doctrine of claim preclusion because the trial court allegedly declined an invitation by the State to reduce the board's award to a money judgment by signing a proposed "judgment" affirming the board's decision, and instead signed an "order" affirming the board's decision, as proposed by Dunn. However, under § 227.57(2), STATS., a reviewing court is limited to either affirming the agency's decision or finding grounds to set it aside or modify it. Therefore, the issue of whether the board had authority to commence an independent suit to recover the costs was not before the circuit court, and the State cannot be considered to have had the opportunity to litigate it, despite counsels' letters to the court.

## DISCUSSION

**Standard of Review.**

Whether a complaint states a claim upon which relief can be granted is a question of law. *Eder v. Lake Geneva Raceway, Inc.*, 187 Wis. 2d 596, 612, 523 N.W.2d 429, 434 (Ct. App. 1994). However, when matters outside of the pleadings are relied on by the parties, a court shall treat it as a motion for summary judgment. Section 802.06(2)(b), STATS.

It is well established that this court applies the same summary judgment methodology as that employed by the circuit court. Section 802.08, STATS.; *Brownelli v. McCaughtry*, 182 Wis. 2d 367, 372, 514 N.W.2d 48, 49 (Ct. App. 1994). We first examine the complaint to determine whether it states a claim, and then review the answer to determine whether it presents a material issue of fact or law. *Id.* If we conclude that the complaint and answer are sufficient to join issue, we examine the moving party's affidavits to determine whether they establish a *prima facie* case for summary judgment. *Id.* If they do, we look to the opposing party's affidavits to determine whether there are any material facts in dispute which entitle the opposing party to a trial. *Id.*

**State's Claim for Relief.**

The State attempts to characterize its suit as a garden variety collection action, alleging that "Plaintiff has demanded payment of the subject obligation, but defendant has neglected and refused to pay same, or any portion thereof," and requesting a money judgment

as relief. The State maintains that the board's order assessing costs imposed an independent debt to the State on which it can sue. However, Dunn's challenge to the legal sufficiency of the complaint disputes that the State can sue to collect the costs, as a matter of law.

### 1. *Statutory Authority.*

This case presents the interpretation of two different sections of the statutes which the State contends give it the right to bring suit to collect costs assessed against Dunn by the board. The State primarily relies on § 165.25(2), STATS., to give it the necessary authority. Dunn disputes that § 165.25(2) applies to this action. Section 165.25(2) states in relevant part:

> **Duties of Department of Justice.**
> The Department of Justice shall: . . . (2) PROSE-CUTE BREACHES OF BONDS AND CONTRACTS. Prosecute, at the request of . . . the head of any department of the state government any official bond or any contract in which the state is interested . . . upon a breach thereof, and prosecute or defend for the state all actions, civil or criminal, relating to any matter connected with any of their departments except in those cases where other provision is made.

When we are asked to apply a statute whose meaning is in dispute, our efforts are directed at determining legislative intent. *Truttschel v. Martin*, 208 Wis. 2d 361, 365, 560 N.W.2d 315, 317 (Ct. App. 1997). In so doing, we begin with the plain meaning of the language used in the statute. *Id.* If the language of the statute clearly and unambiguously sets forth the legislative intent, our inquiry ends, and we must apply that language to the facts of the case. However, if the language

369

used in the statute is capable of more than one meaning, we will determine legislative intent from the words of the statute in relation to its context, subject matter, scope, history, and the object which the legislature intended to accomplish. *Id.* We will also look to the common sense meaning of a statute to avoid unreasonable and absurd results. *Kania v. Airborne Freight Corp.*, 99 Wis. 2d 746, 766, 300 N.W.2d 63, 71 (1981) (citation omitted).

In examining § 165.25(2), STATS., we note the action presently before this court does not arise from prosecution of an "official bond" or "any contract." However, the statute goes on to state that the department of justice may prosecute other civil actions relating to matters connected with state departments, "except in those cases where other provision is made." The State contends the quoted phrase refers only to legal representation, other than that provided by the department of justice, to sue to collect the costs from Dunn. It cites § 14.11(2), STATS., which permits the governor to employ special counsel, as an example. Dunn and the circuit court interpret the phrase more broadly. They concluded it refers to other statutory schemes for the entire matter under consideration, including collecting costs imposed as part of a disciplinary action.

Either interpretation could be accepted by reasonably well-informed people. However, the State's interpretation speaks only to *who* will bring an independent suit, not to whether the State has a right to do so in the first instance. In order to answer the question of whether the State has such a right in the context herein presented, we must examine whether the statutory scheme for disciplining license holders contemplates an independent civil action for a money judgment to collect any costs imposed or whether the

disciplinary scheme, itself, provides for the collection of costs.

Section 440.22(3), STATS., addresses that issue and assists in our understanding. It states in relevant part:

> (3) In addition to any other discipline imposed, if the department, examining board, affiliated credentialing board or board assesses costs of the proceedings to the holder of the credential under sub. (2), the department, examining board, affiliated credentialing board or board may not restore, renew or otherwise issue any credential to the holder until the holder has made payment to the department under sub. (2) in the full amount assessed.

Unlike § 165.25(2), STATS., § 440.22(3), STATS., is not ambiguous. It clearly states *when* costs are due: prior to re-certification. Although it does not say *how* they will be collected, it treats payment in a manner similar to other disciplinary preconditions to re-certification. For example, the board can impose remedial education as part of a disciplinary proceeding and direct that it must be completed before certification will be restored. Thus, the very juxtaposition of the board's authorization to assess costs and its duty to withhold credentials until such costs are paid suggests that the payment of the costs is to be accomplished in the context of re-certification, rather than in an independent suit.

Therefore, examined in the context of Dunn's disciplinary proceedings, the costs are part of his discipline under § 440.22, STATS. He is required to pay them and get the boundary training ordered only if he wants his certification restored. If he does not, he has no obligation to do either.

## 2. *Inherent Authority.*

The State also contends that, even if there is no statutory authority to bring this action, it has inherent authority to do so. That argument presumes the obligation to pay the costs is not tied to any other event. However, because we have concluded that Dunn has no obligation to pay the costs imposed by § 440.22(2), STATS., unless he gets his credentials restored, renewed or is otherwise re-certified, inherent authority to sue does not provide the State with the right to bring suit in the first instance. Therefore, we conclude that the circuit court properly dismissed the State's complaint for failing to state a claim upon which relief can be granted.

## CONCLUSION

■

This is not a case where the State is attempting to recover for damage to agency property. Rather, the board has assessed a chiropractor the costs of a disciplinary proceeding under a statutory scheme which empowers it to withhold future chiropractic credentials until such time as the assessed costs are paid. The assessment does not create an independent right in the State to bring civil suit to collect the costs; rather, collection of the costs are part of the overall disciplinary proceedings entrusted to the board under the statutes. Therefore, the State's collection action was properly dismissed for failure to state a claim upon which relief can be granted.

*By the Court.*—Order affirmed.