Bernard L. BEYER, Plaintiff–
Appellant,

v.

Rob G. CORMIER, et al., Defendants–
Appellees.

No. 03–1206.

United States Court of Appeals,
Seventh Circuit.

Submitted July 29, 2003.*

Decided July 30, 2003.

Before EASTERBROOK, KANNE, and
WILLIAMS, Circuit Judges.

ORDER

The city of Green Bay, Wisconsin, razed
a building owned by Bernard Beyer be-
cause it did not comply with the city's
building codes. After challenging the raz-
ing of his building in state court, Beyer
sued the city and various city employees in
federal court pursuant to 42 U.S.C. § 1983,
alleging that they violated his right to due
process by giving him improper notice be-
fore razing his building and by proceeding
under the wrong razing statute. A magis-
trate judge, hearing the case with the par-
ties' consent, concluded that Beyer's claims
were barred by res judicata and granted
summary judgment to the defendants.
We affirm that judgment.

Beyer's building had two raze orders
issued against it. The city issued the
first order in November 1995, four
months before Beyer purchased the build-
ing in February 1996. That order was
issued pursuant to Wis. Stat.
§ 66.05(1)(a),[1] which authorizes a building

---

* After examining the briefs and record, we con-
clude that oral argument is unnecessary.
Thus, the appeal is submitted on the briefs
and the record. *See* Fed. R.App. P. 34(a)(2).

1. Section 66.05 of the Wisconsin Statutes was
amended pursuant to 1999 Act 150, which
renumbered § 66.05 as § 66.0413. Because
the parties and the raze order refer to the old
section numbers, we will do the same.

inspector to order a structure to be demolished after determining that it is a public nuisance and unreasonable to repair. The order notified the then-owner that he could challenge the raze order by filing for a temporary restraining order ("TRO") within thirty days pursuant to § 66.05(3). The owner filed for a TRO, and a state court dismissed the raze order on stipulation of the parties because Beyer had agreed to purchase and repair the building. Beyer received a building permit, but the city revoked it two days before he purchased the building.

Two months later the city issued the second raze order. This order was identical to the first, except that Beyer was now listed as the owner. The order explained that it was brought under § 66.05(1)(a) and that Beyer's exclusive remedy was to file for a TRO within thirty days pursuant to § 66.05(3). But accompanying the raze order was a lis pendens[2] stating that the order was brought pursuant to § 66.05(8), which requires a court, rather than a building inspector, to declare a structure a public nuisance. Beyer did not file for a TRO, and the city demolished the building.

Beyer then brought suit in a Wisconsin state court and argued that his notice of the razing was ineffective and that the raze order should have been issued under § 66.05(8) instead of § 66.05(1)(a). The court granted summary judgment to the defendants, concluding that Beyer had actual notice that the raze order was brought pursuant to § 66.05(1)(a). The court acknowledged that the lis pendens stated that the action was brought under § 66.05(8), but the court pointed to the "clear[ ]" language in the raze order stat-

ing that "[t]he authority for this order is § 66.05(1)(a)." The court reasoned that because the need to file a lis pendens arose from the raze order, the notice in that order "would control." The court added that because Beyer did not file for a TRO before the thirty-day deadline, he was "forever barred" from challenging the raze order. Beyer appealed to the Court of Appeals of Wisconsin, which affirmed the grant of summary judgment. The Supreme Court of Wisconsin declined to hear the case.

Beyer then filed this § 1983 suit arguing that the defendants violated his constitutional right to due process by giving him improper notice of the razing and by proceeding under the wrong razing statute.[3] The magistrate judge concluded that Beyer's claims were barred by the doctrine of res judicata and thus granted summary judgment to the defendants.

On appeal Beyer challenges the district court's conclusion that his claims are barred by res judicata. According to that doctrine, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). To determine whether a state judgment should preclude a subsequent federal action, federal courts must give the judgment the same preclusive effect as that state would give it. *Id.* at 96, 101 S.Ct. 411; *Wilhelm v. County of Milwaukee*, 325 F.3d 843, 846 (7th Cir.2003). In Wisconsin a subsequent claim is precluded when there is (1) an identity of the parties or privies in the two suits; (2) an identity between the causes of

2. A lis pendens is a document filed in the public records for the purpose of notifying third parties of pending judicial proceedings involving real estate. *See Kensington Dev. Corp. v. Israel*, 142 Wis.2d 894, 419 N.W.2d 241, 245 (Wis.1988).

3. Beyer also claimed that the city had negligently hired, trained, and supervised its employees, but he has abandoned that claim on appeal.

action in both suits; and (3) a final judgment on the merits in the earlier action. *Pasko v. City of Milwaukee,* 252 Wis.2d 1, 643 N.W.2d 72, 78 (2002). Beyer concedes the first element of that test and challenges the other two.

Beyer's challenge to those two elements arises out of Wisconsin Statute § 66.05(3), which prevents a building inspector from issuing a raze order under § 66.05(a)(1) if a court found a previous raze order issued under that section to be "unreasonable," unless the condition of the building had "substantially changed" in the meantime. Beyer contends that the building inspector violated this section by issuing the second raze order because a court had dismissed the first raze order as unreasonable. Beyer attempted to raise this claim in the state trial court, but that court held that he was "forever barred" from challenging the second raze order because he failed to file for a TRO before the thirty-day deadline.

So Beyer now argues that the district court improperly found that his claim was barred by res judicata because the state court never reached the merits in the earlier action. Specifically, he contends that the state court's failure to reach the merits means that there is no identity between the state and federal causes of action and that there is no final judgment on his claim. Both of these arguments are meritless. First, there is an identity between Beyer's state and federal causes of action because Beyer himself admits that "[t]here is no doubt the plaintiff tried to raise the issue in the state court proceedings." (Appellant Br. at 20). The fact that the state court refused to hear Beyer's claim does not change the identity of the causes of action. Second, for res judicata purposes, a decision based on the statute of limitations is a final judgment on the merits of a

claim. *Jackson v. Widnall,* 99 F.3d 710, 715 & n. 8 (5th Cir.1998); *Kratville v. Runyon,* 90 F.3d 195, 198 (7th Cir.1996); *PRC Harris Inc. v. Boeing Co.,* 700 F.2d 894, 896 (2d Cir.1983). Wisconsin considers the thirty-day deadline for filing for a TRO to be a statute of limitations. *Mohr v. City of Milwaukee,* 106 Wis.2d 80, 315 N.W.2d 504, 506 n. 5 & n. 6 (1982). Although we were unable to find any Wisconsin cases considering whether a decision based on the statute of limitations is a judgment on the merits, we see no reason why the Wisconsin courts would hold differently than the federal courts.

AFFIRMED.