COURT OF APPEALS
DECISION
DATED AND FILED

April 21, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If
published, the official version will appear in
the bound volume of the Official Reports.

A party may file with the Supreme Court a
petition to review an adverse decision by the
Court of Appeals. *See* WIS. STAT. § 808.10
and RULE 809.62.

Appeal No.    **2019AP179**

Cir. Ct. No. **2017CV404**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT III**

JAMES SCHULTZ, TRUSTEE FOR THOMAS SEUBERT &
NANCY SEUBERT REVOCABLE TRUST,

  PLAINTIFF-APPELLANT,

 V.

SEUBERT, INC. AND MICHAEL J. SEUBERT,

  DEFENDANTS,

JENSEN, SCOTT, GRUNEWALD & SHIFFLER, S.C.,

  DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Marathon County:
LAMONT K. JACOBSON, Judge. *Affirmed.*

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   James Schultz, as trustee for the Thomas Seubert & Nancy Seubert Revocable Trust (the Trust), appeals a summary judgment order dismissing the Trust's slander of title and interference with contract claims against the Jensen, Scott, Grunewald & Shiffler, S.C., law firm.  The Trust does not seek review of the interference with contract claim and we conclude the law firm's actions giving rise to the Trust's slander of title claim were conditionally privileged.  We therefore affirm.

## BACKGROUND

¶2    In 1999, the Trust obtained 154 acres of farm property in Marathon County, consisting of five contiguous parcels.  One of the parcels contained a house with a street address, a barn, and a garage, while the other four parcels contained unimproved crop land.  In 2013, Seubert, Inc., entered into a written agreement with the Trust concerning the farm property.  The agreement provided in relevant part:

> [The Trust] agrees to lease the house, barn and garage located at M136 N Lincoln Ave Marshfield WI 54449 to Seubert Inc for three years, beginning September 1st 2013. All repairs and improvements to be paid by Seubert Inc, cash rent of $500.00 per month to begin when cattle arrive at the location.
>
> Seubert Inc will receive right of first and last refusal in the event of the sale of the property after the lease is terminated.

The agreement was signed by Jean Schultz on behalf of the Trust and Michael Seubert on behalf of Seubert, Inc.

¶3      Over the next three years, Seubert, Inc., made over $100,000 worth of improvements to the farm property in anticipation of beginning a cattle operation.    These improvements included electrical upgrades, water supply modifications, and other structural repairs.    Michael Seubert did not seek permission for, or inform the trustee for the Trust about, any of the specific improvements implemented, although a Trust beneficiary, Ken Seubert, was aware of them.  Meanwhile, the Trust separately leased the farm's unimproved crop land to Ken Seubert.

¶4      The Trust terminated Seubert, Inc.'s lease at the end of the three-year term and made arrangements to sell the entire farm at auction in March 2017.   When Michael Seubert learned about the scheduled auction, he contacted attorney Michael Shiffler at Jensen, Scott, Grunewald & Shiffler, S.C. (collectively, Shiffler).   Michael Seubert asked Shiffler to take steps to enforce Seubert, Inc.'s right of first and last refusal (the option) from the parties' written agreement.

¶5      Before taking formal action, Shiffler met with Seubert, Inc.'s general manager, Jim Meyer, and also spoke with Michael Seubert.  Among other things, Shiffler learned that the agreement had been drafted by Ken Seubert on behalf of the Trust, that Michael Seubert's understanding was that the option was intended to apply to the entire farm property, and that Seubert, Inc., spent considerable money on improvements in reliance upon the option.

¶6      Shiffler then contacted the auction company.  He asked the auction company to advise any bidders about the option and to advise Shiffler of the winning bid, so that Seubert, Inc., could decide whether to exercise the option.  In addition, Shiffler filed a copy of the option and an accompanying affidavit with

the Marathon County Register of Deeds. As a result of these actions, the auction was cancelled.

¶7 The Trust filed suit against Seubert, Inc., and Michael Seubert, seeking to quiet title on the grounds that the option was unenforceable. The Trust also brought claims for slander of title and interference with contract against Shiffler for filing the option and affidavit with the register of deeds. Michael Seubert brought counterclaims against the Trust for unjust enrichment and a declaratory judgment that the option was enforceable.

¶8 On summary judgment, the circuit court concluded that the option was unenforceable on the dual grounds that the description of the land subject to the option was insufficiently identified to satisfy the statute of frauds and that the option was impermissibly vague because it was silent as to the price and other essential obligations of the parties. *See* WIS. STAT. § 706.02(1) (2017-18);[1] *Shetney v. Shetney*, 49 Wis. 2d 26, 38-39, 181 N.W.2d 516 (1970). However, the court granted summary judgment in Shiffler's favor on the slander of title and interference with contract claims because it concluded Shiffler had a reasonable basis upon which to argue that the option was enforceable. The Trust appeals the latter determination.

## DISCUSSION

¶9 This court reviews summary judgment decisions de novo, applying the same methodology and legal standards employed by the circuit court.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

4

*Palisades Collection LLC v. Kalal*, 2010 WI App 38, ¶9, 324 Wis. 2d 180, 781 N.W.2d 503. Our methodology begins with an examination of the pleadings to determine whether the complaint states a claim and the answer joins issue. *State v. Dunn*, 213 Wis. 2d 363, 368, 570 N.W.2d 614 (Ct. App. 1997). Assuming the pleadings are sufficient, we then examine the moving party's supporting materials (such as depositions, answers to interrogatories, admissions, and affidavits) to determine whether they establish a prima facie case for summary judgment. *Yahnke v. Carson¸* 2000 WI 74, ¶10, 236 Wis. 2d 257, 613 N.W.2d 102. If so, we then review the materials submitted by the opposing party to determine whether they are sufficient to place in dispute any material facts that would require a trial. *Dunn*, 213 Wis. 2d at 368; *see also* WIS. STAT. § 802.08(2).

¶10 Here, the complaint stated a claim for slander of title. Pursuant to WIS. STAT. § 706.13, any person who files a lien or other instrument relating to an interest in real property, and who knows or should have known that the contents of the instrument are "false, a sham or frivolous,"[2] is liable in tort to any person interested in the property whose title is thereby impaired. The Trust's allegations that Shiffler should have known when filing the option and affidavit that the option was unenforceable because it was flawed in multiple ways and because the agreement covered only one of the five parcels described in the affidavit, coupled with the alleged impairment of the Trust's title shown by the cancellation of the

---

[2] Although neither party provides this court with authority addressing the definition of the terms "false, sham or frivolous" in the context of a slander of title claim, both parties apparently assume the test would be the same as that applied to court pleadings alleged to be frivolous. *See* WIS. STAT. § 802.05; SCR 20:3.1, Comment 2. For the purposes of this opinion, we will assume the same without deciding the issue.

5

auction, would, if true, entitle the Trust to relief in the absence of an affirmative defense.

¶11     The answer asserted Shiffler acted in good faith.  A conditional privilege applies when an attorney is defending a claim of slander of title. ***Kensington Dev. Corp. v. Israel***, 142 Wis. 2d 894, 903, 419 N.W.2d 241 (1988). The attorney cannot be held liable if (1) he or she had a reasonable ground for believing the truth of the challenged document, and (2) the statements made in the document were reasonably calculated to accomplish the privileged purpose—that is, to provide notice to third parties about an alleged interest in certain property. ***Id.*** at 904.

¶12     We turn next to the summary judgment materials.  We begin by considering whether the materials establish that the conditional privilege asserted by Shiffler applies.  If the privilege applies, we need not address whether the materials would otherwise warrant trial on the underlying claim for slander of title.

¶13     The Trust argues Shiffler should have known the option was void and unenforceable due to vagueness of essential terms such as duration and price, lack of consideration, violation of the statute of perpetuities regarding restraints on alienation, and noncompliance with the statute of frauds regarding the identity of the subject property.  The Trust further argues the conditional privilege rule does not apply because there was no privileged purpose for including the four unimproved parcels in the affidavit when the agreement related solely to the parcel with the house and barn on it.  In response, Shiffler contends there are good faith arguments against each of the theories advanced by the Trust as to why the option was unenforceable and he reiterates Seubert, Inc.'s assertion that the option applied to the entire farm property.

¶14     As to the duration of the option, Shiffler notes that conditioning the conveyance of an interest in property on a triggering event, such as the sale of that property, does not render it indefinite as to time.  *See MS Real Estate Holdings, LLC v. Donald P. Fox Fam. Tr.*, 2015 WI 49, ¶35, 362 Wis. 2d 258, 864 N.W.2d 83.   Moreover, a court can imply a reasonable time for performance when a contract is silent as to time, so such an omission need not be fatal.  *Id.*, ¶31.

¶15     In determining the price, a right of first refusal typically operates by allowing the contracting party to meet the terms of a third party's offer.  *See, e.g.*, *id.*, ¶¶27-28.   Thus, Shiffler argues, the lack of specificity as to the price for such an option does not render it indefinite.

¶16     Regarding consideration, Shiffler asserts that the Trust provided a lease and right of first and last refusal in exchange for a tenant who would pay to maintain and improve the property, as well as provide the potential for rental income.  Even if the consideration was conditionally phrased in the agreement, Shiffler points out that Wisconsin law allows consideration-in-fact after the formation of a contract.  *See Runzheimer Int'l, Ltd. v. Friedlen*, 2015 WI 45, ¶58, 362 Wis. 2d 100, 862 N.W.2d 879.

¶17     As to the law of perpetuities, Shiffler contends the same theory it has advanced as to the duration of the option also applies to an analysis under WIS. STAT. § 700.16.   That is, because it would be absurd to interpret the option as allowing a restraint on alienation for all time, the circuit court could impose a reasonable time under the circumstances for Seubert, Inc., to exercise the option.

¶18     Regarding the statute of frauds, Shiffler concedes the agreement violated WIS. STAT. § 706.02 because it was ambiguous as to the identity of the property subject to the option.   Shiffler maintains the option was nonetheless

enforceable pursuant to WIS. STAT. § 706.04, which provides equitable relief based upon a showing of unjust enrichment or estoppel for conveyances that fail to satisfy all the provisions of the statute of frauds. Shiffler argues that Seubert, Inc.'s payment of over $100,000 for improvements to the property in reliance on the option provides grounds for an unjust enrichment claim, while Trust beneficiary Ken Seubert's knowledge and approval of the repairs on behalf of the Trust provides grounds for estoppel.

¶19     The Trust disputes whether it had knowledge of the improvements, because Michael Seubert did not speak with trustee Jean Schultz about them. The parties further dispute whether the address mentioned in the agreement applied to the entire farm or only to the parcel with the house and barn. However, the issue before us is not whether Seubert, Inc., would ultimately prevail on the merits of its claim for equitable enforcement of the option once disputed issues of fact were resolved. The issue is whether Shiffler had reasonable grounds to believe that Seubert, Inc., could exercise the option over the sale of the entire farm, despite several flaws in the parties' written agreement. Based upon his discussions with Seubert, Inc.'s personnel, Shiffler reasonably believed that the Trust had knowledge of the significant property improvements and that the option encompassed the entire farm property.

¶20     We conclude Shiffler had reasonable grounds to believe that Seubert, Inc., had an enforceable option. Shiffler knew the agreement was drafted by one of the Trust beneficiaries, and any ambiguities would therefore be construed against the drafter. *See **Seitzinger v. Community Health Network***, 2004 WI 28, ¶22, 270 Wis. 2d 1, 676 N.W.2d 426. As to those ambiguities, Shiffler was aware of the agreement's lack of specific property description and duration. However, he discovered that the farm property's legal description corresponded to

the street address listed in the agreement. In addition, after considering Michael Seubert's explanation of his understanding of the agreement, the amount of money expended by Seubert, Inc., on improving the entire farm property in consideration of the option, and the expectation that the entire farm was to be used for a cattle operation, together with Seubert, Inc.'s equitable defenses, Shiffler reasonably determined that any flaws in the agreement were not fatal. We are further satisfied that filing a copy of the agreement with an accompanying affidavit furthered the purpose of providing third parties with notice of the claim. Therefore, the conditional privilege rule applies, and the circuit court properly determined Shiffler is immune from liability for the Trust's slander of title claim.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.